# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard G. Jackson,<br><br>Plaintiff,<br><br>v.<br><br>State of Minnesota; United States; Donald Trump, President; Melissa Hortman, C.P.S./H.S.D. House Reps leader speaker; J. Harrington; T.B. Jones; K. Knutson; D. Ossell; T. Smith; H.S.D. Ham; H.S.D. Mark Gunter; P. Gazelka; C. Schumer; N. Pelosi; T. Walz; A. Klobuchar; and U.S. Senate,<br><br>Defendants. | Civ. No. 19-1864 (JRT/BRT)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Howard G. Jackson did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Jackson qualifies financially for IFP status. That said, an IFP application may be denied and an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C.

§ 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This is one lawsuit among many filed by Jackson in this District alleging misconduct by local, state, and federal officials. *See*, e.g., *Jackson v. Department of Human Services*, No. 19-CV-1429 (NEB/ECW) (D. Minn. 2019); *Jackson v. Hortman*, No. 19-CV-1304 (SRN/SER) (D. Minn. 2019); *Jackson v. State of Minnesota*, No. 19-CV-0741 (JRT/BRT) (D. Minn. 2019); *Jackson v. Radias Health*, No. 19-CV-0724 (PJS/DTS) (D. Minn. 2019) (naming the State of Minnesota among the defendants); *Jackson v. Dayton*, No. 18-CV-1525 (DWF/HB) (D. Minn. 2018); *Jackson v. Marek*, No. 18-CV-1432 (JRT/KMM) (D. Minn. 2018); *Jackson v. Axtell*, No. 18-CV-1073 (ECT/SER) (D. Minn. 2018). The most substantial of the allegations made in the

Complaint in this matter—that Jackson's rights were violated with respect to an unlawful search in 2012—is already the subject of ongoing litigation in this District. *See Jackson v. Ossell*, No. 17-CV-5483 (JRT/BRT) (D. Minn. 2017). Jackson's remaining allegations, even where they are comprehensible, amount to conclusory statements that other public officials have violated his rights in other unspecified ways. Most of the defendants included in this lawsuit appear to have been named for no reason whatsoever; no allegations at all are asserted against the president, the senators of the State of Minnesota, or the state's governor, for example. Thus, to the extent that the action is not duplicative, Jackson has failed to state a claim on which relief may be granted. The action should be dismissed without prejudice on that basis.

Finally, Jackson has filed a motion to amend the defendants named to this action. As a general matter, Jackson (like any litigant) does not need permission of the Court to amend his complaint once as a matter of course prior to serving the complaint, or within 21 days of service. *See* Fed. R. Civ. P. 15(a). But Jackson has not filed an amended complaint; he merely proposes to add additional defendants to his original complaint. This violates the District's Local Rule 15.1(a), which requires that "any amended pleading must be complete in itself and must not incorporate by reference any prior pleading." Moreover, Jackson does not adequately allege how any of the proposed defendants violated the law. Accordingly, it is recommended that Jackson's motion to amend defendants also be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Howard G. Jackson (Doc. No. 2) be **DENIED**.

3. Jackson's motion to amend defendants (Doc. No. 3) be **DENIED**.


Dated: September 13, 2019         *s/ Becky R. Thorson*
                                  BECKY R. THORSON
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).